FILED
JUL - 8 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 1181 |
| | ) | |
| RUFUS G. KING, III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that he "was duly registered and approved to work as an [sic] Certified District of Columbia Criminal Justice Act Investigator and did perform such duties . . . for a period of approximately (18) months or fro[m] around about January, 2004 through that of around about June, 2005." Compl. at 4. He further alleges that defendants "blatantly refused to pay [him] for [his] employed services rendered, in spite of the Thirteenth Amendment of the United States Constitution." *Id.* He brings this civil rights action under 42 U.S.C. § 1983.[1]

Generally, to state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiffs of a constitutionally-protected right.

---

[1] To the extent that plaintiff purports to bring claims under 18 U.S.C. §§ 241, 242, the claims must fail. There is no private right of action under these criminal statutes. *See Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

1

*See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). Assuming without deciding that defendants acted under color of state law and otherwise are amenable to suit, plaintiff does not allege the violation of a constitutionally protected right. Plaintiff merely claims that he has not been paid for services rendered. This circumstance does not rise to the level of involuntary servitude within the meaning of the Thirteenth Amendment. *See United States v. Kozminski*, 487 U.S. 931 (1988) (construing Thirteenth Amendment's phrase "involuntary servitude" to require use or threatened use of physical or legal coercion); *Jenkins v. Trustees of Sandhills Cmty. College*, 259 F. Supp. 2d 432, 440 (M.D.N.C. 2003) (concluding that, absent "allegations that [plaintiff] was physically restrained, threatened with the use of physical restraint or injury, or coerced by threat of legal process, she has no cause of action under the plain language of the Thirteenth Amendment"), *aff'd*, No. 03-1633, 2003 WL 22715091 (4th Cir. Nov. 10, 2003) (per curiam), *cert. denied*, 540 U.S. 1199 (1994).

The Court will dismiss this action without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Ricardo M. Urbina
United States District Judge

Date: 6/30/08